## HARTMAN v. ANDERSON.

1. **Tax Sale: REDEMPTION.** The treasurer has no right to disregard the act of the auditor in permitting redemption from tax sale to be made, and after such redemption to execute a deed to the tax purchaser.

*Appeal from Warren Circuit Court.*

FRIDAY, APRIL 19.

ON the 9th day of October, 1872, the plaintiff purchased a certain tract of land at tax sale for the delinquent taxes for the year 1871. The land was redeemed from the sale by Julius A. Kuck, on the 6th day of October, 1874.

This action was brought against the defendant, who is treasurer of Warren county, to set aside the redemption which it is alleged was improperly made, and to compel the defendant to make a tax deed to plaintiff for said land.

The answer denies that plaintiff is entitled to a deed, because the land was redeemed from the sale.

The cause was tried by the court. The petition was dismissed. Plaintiff appeals.

*Todhunter & Hartman,* for appellant.

*Henderson & Berry,* for appellee.

ROTHROCK, CH. J.—This action cannot be maintained. That a redemption was in fact made is not questioned. Section 891 of the Code provides: "The county auditor shall, upon application of any party to redeem any real property, \* \* \* \* \* \* and being satisfied that such party has a right to redeem the same, and upon the payment of the proper amount, issue to such party a certificate of redemption \* \* \* \* \*."

1. TAX SALE: redemption

It does not appear what showing of a right to redeem was made by Kuck to the auditor. It must, therefore, be presumed that it was sufficient. The treasurer has no power or authority to question the act of the auditor, and make a deed regardless of the redemption, and Julius A. Kuck's right to redeem cannot be determined in an action against the treasurer.

An adjudication against the treasurer would leave the rights of the redemptioner the same as if no adjudication had been had.

AFFIRMED.